

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:05-CR-133 |
| | § | |
| HUGH B. BALDWIN | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Hugh B. Baldwin, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of the defendant's supervised release. The Court conducted a hearing on April 26, 2011, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation

of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On August 14, 2006, the Honorable Marcia A. Crone of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of mailing threatening communications, a Class D felony. Judge Crone sentenced Mr. Baldwin to a term of 51 months imprisonment followed by three years supervised release subject to subject to the standard conditions of release, plus special conditions to include financial disclosure; drug treatment; abstain from alcohol; mental health treatment; 120 days in a community confinement center; and a $100 special assessment. On September 18, 2009, Hugh B. Baldwin completed his period of imprisonment and began serving his term of supervised release in the community confinement center.

On December 16, 2009, the Court revoked his original term of supervised release and sentenced Mr. Baldwin to 12 months imprisonment followed by two years supervised release,

subject to the standard conditions of release, plus special conditions to include financial disclosure; drug treatment; abstain from alcohol; mental health treatment; 120 days in a community confinement center; and a $100 special assessment.

### B. Allegations in Petition

The United States alleges that Defendant violated the following special condition of supervised release:

*The defendant shall reside in a community confinement center, halfway house or similar facility, in a prerelease component for a period of 120 days to commence upon release from confinement and shall observe the rules of that facility.*

Specifically, on October 12, 2010, Hugh B. Baldwin was unsuccessfully discharged from Leidel Comprehensive Sanction Center due to his possessing and/or passing counterfeit securities..

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would submit evidence establishing that as a condition of his supervised release, Hugh Baldwin was required to reside in a community confinement center or halfway house for a period of 120 days and observe the rules of that facility. The Government would further show that Baldwin was unsuccessfully discharged from Leidel Comprehensive Sanction Center due to his possessing counterfeit securities in violation of the Center's rules and regulations.

Defendant, Hugh B. Baldwin, offered a plea of true to the allegations. Specifically, Mr. Baldwin agreed with the evidence presented and pled true to the allegation that he was unsuccessfully discharged from Leidel Comprehensive Sanction Center in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence, and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by being unsuccessfully discharged from Leidel Comprehensive Sanction Center, a community confinement center or halfway house facility.

If the Court finds that the defendant violated his conditions by being discharged from the halfway house, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon Mr. Baldwin's criminal history category of VI and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from eight (8) to twelve (12) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class D felony, the statutory maximum imprisonment term upon revocation is two (2) years, less any imprisonment term served on a previous revocation. *See* 18 U.S.C. § 3583(e)(3). Because Baldwin served twelve (12) months imprisonment on a previous supervised release revocation, the maximum sentence that could be imposed on this revocation is twelve (12) months.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. In this case, Baldwin failed to serve 99 days of community confinement time in Leidel Sanctions Center which the Court ordered that he serve

as part of his terms of supervision.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of his supervision conditions by being discharged from the halfway house. Mr. Baldwin knowingly and voluntarily pled true and agreed with the Court's recommended sentence for that violation.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke the defendant's supervised release. The undersigned magistrate further recommends that the District Court order the defendant, Hugh B. Baldwin, to serve a term of **eight (8) months imprisonment**, to include ninety-nine (99) days that the defendant was ordered to serve in a community confinement center

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

as part of his supervision conditions. The undersigned would also recommend that the defendant receive credit for time already spent in federal custody on this revocation proceeding. The Court finally recommends that Mr. Baldwin receive no further supervision term upon his release.

**OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 28th day of April, 2011.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE